## THE VILLAGE OF BROOKLYN

*v.*

## CHARLES T. ORTHWEIN.

*Filed at Mt. Vernon November 4, 1891.*

1. AFTER REVERSAL AND REMANDMENT—*what matters may arise—res judicata.* An amended answer filed in a cause after remandment by this court, which seeks to relitigate the title of one of the parties, not upon any grounds that did not exist at the former hearing, is properly stricken from the files.

2. On appeal from the decree of the circuit court in a suit for partition, this court found that the heirs and grantees of a certain person were the owners in fee of the land, and that such title was not barred by limitation, and remanded the cause, to enable the parties claiming title from the heirs of such owner to have their respective interests determined and partition made accordingly: *Held,* that the defendant, claiming under a different person, was precluded by the judgment of this court from re-trying the title to the premises.

3. There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case in this court can be reversed or

set aside at a subsequent term. Even when a case is remanded gener-ally by a court of review, it is not again open in the lower court as to the questions presented by the record and decided by the court of review.

4. COSTS—*when against defendant in chancery.* Where a defendant, without justification, resists the granting of a decree of partition, he can not complain that he is required to pay the costs.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. M. MILLARD, and Mr. WILLIAM P. LAUNTZ, for the appellant:

Complainant's bill does not state a case for the relief asked, and the supplemental bill does not change the character of the suit. *Fahs* v. *Roberts,* 54 Ill. 192.

The bill alleges nothing against appellant, and while the village is made a co-defendant, there is no charge to deny and nothing to defend. Its rights are not assailed, and there is no issue between it and complainant. As to the village, therefore, the bill is fatally defective. *Gage* v. *Bissell,* 119 Ill. 298; *Gage* v. *Reid,* 104 id. 509; *Bremer* v. *Carroll,* 123 id. 104; *Kellogg* v. *Moore,* 97 id. 282.

When land is not held by co-tenants there can be no partition, and when there can be no partition on this account the court will not have jurisdiction of the subject matter, and its proceedings are void. *Reynolds* v. *McCurry,* 100 Ill. 356; *McConnell* v. *Kibbe,* 43 id. 12.

When this court remands a case with directions, the lower court can do nothing but carry them out. It has no power to do anything else. *Boggs* v. *Willard,* 70 Ill. 315; *Parker* v. *Shannon,* 121 id. 452; *Sanders* v. *Peck,* 131 id. 407.

But the doctrine extends to those facts only which are properly in issue, and not to matters upon which there is no issue. *Gage* v. *Bissell,* 119 Ill. 298; *Gage* v. *Reid,* 104 id. 509; *Gage* v. *McLaughlin,* 101 id. 155; *Spoors* v. *Cowan,* 44 Ohio St. 497; *Steel* v. *Palmer,* 41 Miss. 88; *Armstrong* v. *Barton,* 42

id. 506; *Bachman* v. *Sepulvida,* 39 Cal. 688; *Marshman* v. *Conklin,* 21 N. J. Eq. 546; *Frevert* v. *Henry,* 14 Nev. 191; *Harris* v. *Harris,* 10 Wis. 467; *Fifield* v. *Edwards,* 39 Mich. 264; *Teal* v. *Terrell,* 48 Texas, 491.

Mr. R. F. WINGATE, for the appellee:

The amended answer presented no new question as between appellant and appellee, and as every question presented by the record was disposed of, there was nothing for the circuit court to do but to enter the decree as directed by this court. *Wadhams* v. *Gay,* 83 Ill. 250; *Newberry* v. *Blatchford,* 106 id. 584; *Leiter* v. *Field,* 24 Ill. App. 123; *Ogden* v. *Bowen,* 4 Scam. 301.

Remanding for proceedings in conformity with the opinion allowing further proof as to a matter named, (which is the case in this cause,) limits the opening of the decree to that specific question. *Hook* v. *Richeson,* 115 Ill. 435.

Where a cause has been tried in this court upon its merits, (as was the case in this instance,) and remanded with specific directions to dismiss the suit or to do some other act, the court below has no power to do anything but to carry out the specific directions. (*Boggs* v. *Willard,* 70 Ill. 315.) And where there are specific directions, on a subsequent appeal a party can not assign for error any cause that accrued prior to the former decision. *Ogden* v. *Larrabee,* 70 Ill. 550.

This court, even, has no power in the case to review its own former judgment, except on a petition for rehearing. *Reed* v. *West,* 70 Ill. 479.

After remandment by this court it is proper to refuse leave to amend an answer, or to set up facts as to the beneficial ownership of two persons whose title, on review, was adversely passed on. *Gage* v. *Stokes,* 125 Ill. App. 42.

Where, on error to this court, certain facts are found from the evidence, and the cause reversed and remanded merely to supply proof of a particular fact, the facts found by the

court must be regarded as settled, and not open to be questioned on a second writ of error. *Tuttle* v. *Garrett*, 74 Ill. 444; *Manufacturing Co.* v. *Wire Fence Co.* 119 id. 30.

As to the right to file a supplemental bill, see Story's Eq. Pl. chap. 8, secs. 335-337, 346, 343, 338; Daniell's Ch. Pl. and Pr. 1515, (note 1,) 1516, 1533; *Jenkins* v. *International Bank*, 111 Ill. 470.

A cause reversed and remanded generally, is open to amendment in pleading, and additional evidence, except as to the matters settled by the opinion of the Supreme Court. *Hook* v. *Richeson*, 115 Ill. 435; *Ogden* v. *Larrabee*, 70 id. 510.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an appeal from a decree of the circuit court of St. Clair county, rendered in pursuance of the remanding order of this court in the case of *Orthwein* v. *Thomas et al.* 127 Ill. 554. After the cause was re-instated in the circuit court, Orthwein filed a supplemental cross-bill, setting up that since the filing of his original cross-bill, in which he alleged that the undivided two thirty-fifths of the premises in controversy were still owned by the heirs of Susannah Osborn, deceased, or others claiming under them, he had, by purchase, become the owner of said interests, thereby becoming the owner of the whole of said real estate in fee, and prayed that upon a final hearing the court would, by its decree, establish the title to said premises in him. To this supplemental bill the village of Brooklyn filed its answer, denying the sources of title through which the complainant therein claimed to have acquired the title to said two thirty-fifths, and denying that he was the owner of the whole of said premises and entitled to the relief therein prayed. On a hearing the decree of the circuit court was in conformity with the prayer of said supplemental cross-bill, from which the village appeals.

It appears that prior to the filing of said supplemental bill the village had placed on file in the circuit court an amended

·answer to the original cross-bill, which, on motion of Orth-wein, the court ordered stricken from the files, and that action of the court is one of the grounds upon which a reversal of the ·decree below is here urged.    The only object of the amended answer was to again put in issue the title of the premises in ·question as between the village and the heirs of Susannah Osborn or their grantees, and that on grounds which, if ten-·able at all, existed at the time of the former hearing in the ·circuit court of St. Clair county, and hence at the time of the decision of this court reported in Vol. 127, *supra*.    It did not pretend to set up any matter occurring since the order of re-mandment therein made.

It is also assigned for error that the cross-bill, as originally ·filed, shows no grounds for relief in a court of equity, and that both it and the supplemental cross-bill should have been ·dismissed as to the said village.    Each of these grounds of ·reversal is urged upon the theory that notwithstanding our former decision it was the duty of the circuit court, on the re-mandment of the case, to allow the parties to re-try the ques-tion as to whether Susannah Osborn was the true source of ·title to the premises.    In passing upon the record before us when that decision was made, we said : "Appellant (Orthwein) ·claims to be the owner in fee of thirty-three thirty-fifths of the premises in controversy, by a chain of conveyances from the ·children and descendants of the children of Susannah Osborn. That the conveyances relied upon had the effect of vesting in ·appellant the fractional interest, if any they had, of such of the heirs of Susannah Osborn as conveyed to him or his grant-·ors in the premises in controversy, ·is not denied ; but it is insisted on behalf of the village of Brooklyn, that appellant is not entitled to the relief prayed for in his cross-bill, because, first, Thomas Osborn was the owner in fee of survey No. 764 ; and second, if Thomas Osborn was not such owner, any claim based upon the title of Susannah Osborn is barred by lapse ·of time and by estoppel."    Our decision on that controversy

was, that Susannah Osborn, and not Thomas, was the owner in fee of said survey; that the title thereto was vested in her heirs and their grantees, by whom nothing had been suffered or done, up to that time, whereby that title had been divested, hence the only purpose in remanding the case was to enable the parties claiming title from those heirs, to have their respective interests determined and partition of the premises made accordingly. The remanding order expressly so states, and it authorized the court below to permit amendments to the pleadings and new parties to be made for that purpose only.

We said in *Hollowbush* v. *McConnel et al.* 12 Ill. 203 : "There is no mode provided by law, except it be upon a rehearing, whereby the final decision of a case in this court can be reversed or set aside at a subsequent term. There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew, and bring it again and again before the court for its decision." And again in *Ogden* v. *Larrabee, Admr.* 70 Ill. 513 : "In every case to which our attention has been directed, where a second writ of error or appeal has been allowed, it was where the merits of the entire case had not been decided, or for something occurring after the mandate." See, also, *Kingsbury* v. *Buckner,* 70 Ill. 514; *Wadhams* v. *Gay,* 83 id. 250; *Walker* v. *Doane,* 108 id. 236. Even where a case is remanded generally by a court of review, it is not again open in the lower court as to those questions presented by the record and decided by the court of review. *Hook* v. *Richeson et al.* 115 Ill. 443; *Gage et al.* v. *Stokes et al.* 125 id. 40.

By the rule announced in the foregoing decisions,—and we know of no exception to it,—the determination of the questions raised on the former hearing in this court affecting the title to said premises, and the directions to the circuit court as to further proceedings therein, are final and conclusive upon all parties then before the court, and unless the village of

40—140 ILL.

Brooklyn could show some new source of title to the premises or some part thereof, it had no standing in the circuit court under said order of remandment. This it is not claimed it could or in any manner offered to do. It prolonged the litigation after that time without showing that it had any interest in the result. It can not therefore claim that it was injured by errors committed by said circuit court, even if errors were committed. Neither can it complain that it was required to pay costs by the decree below, for the reason that it without justification resisted the granting of that decree.

Other questions raised, in our view of the case as hereinbefore expressed, are unimportant, and need not be specifically noticed. They are questions which, inasmuch as appellant has no title or interest in the premises, do not concern it.

The decree of the circuit court is affirmed.

*Decree affirmed.*