THE PEOPLE *ex rel.* Kochersperger, County Treasurer,

*v.*

BOARD OF DIRECTORS CHICAGO THEOLOGICAL SEMINARY.

*Opinion filed June 18, 1898.*

1. TAXES—*effect where act exempting property provides for its own liberal construction.* Section 6 of the act of 1855, incorporating the Chicago Theological Seminary, which provides that the act "shall be liberally construed in all the courts for the purposes therein expressed," does not prevent the application of the usual rules of strict construction of laws exempting property from taxation, but merely requires that when, under such rules, the purpose is ascertained, liberal construction will be adopted to give it effect.

174—12

| 174 | 177 |
| f189 | ³442 |
| s189 | 446 |
| e189 | 447 |
| e189 | 448 |
| f189 | ³452 |
| p189 | 453 |
| f189 | 455 |
| 189 | ³555 |
| 174 | 177 |
| f193 | ³619 |
| 174 | 177 |
| 200 | 120 |
| 200 | ²571 |
| 174 | 177 |
| e206 | 67 |
| 174 | 177 |
| ·e210 | 350 |

2. SAME—*in construing acts exempting property reasonable doubts are resolved in favor of State.* In construing an act exempting property from taxation, if, by taking the express language used without extending its meaning by implication, it may be given a broad or more restricted meaning, the latter, if reasonable, will be adopted and the doubt resolved in favor of the State.

3. SAME—*act incorporating Chicago Theological Seminary construed.* Section 5 of the act incorporating the Chicago Theological Seminary, which provides that "the property, of whatsoever kind and description, belonging or appertaining *to said seminary*" be forever exempt from taxation, refers only to property used in immediate connection with the seminary, and does not include other property which may be owned, rented or held by the said seminary as an investment, even though the income therefrom is used solely for school purposes.

APPEAL from the County Court of Cook county; the. Hon. R. W. S. WHEATLEY, Judge, presiding.

W. F. STRUCKMANN, (ROBERT S. ILES, and FRANK L. SHEPARD, of counsel,) for appellant.

DAVID FALES, (JOHN P. WILSON, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal by the People, on the relation of the county treasurer and *ex officio* collector of Cook county, from a judgment of the county court of said county sustaining the objections of appellee to an application for a judgment of sale of certain of its property for non-payment of taxes. The objection was that the property in question was exempt and free from all taxation whatever.

It was stipulated that the appellee is the owner of a tract of land other than the tracts described in the objection, upon which is maintained a school for the purposes enumerated in the act of incorporation; also, that the income from the property mentioned in the objection is used for the sole purpose of maintaining such school; that some of the lots are vacant and some are used; that where they are used, all the rentals and income are held

by the corporation for the exclusive use and support of the school and for the objects contemplated in the charter; that all the parcels and lots were bought for the promotion of the objects mentioned in the charter; that the lands which are occupied by the buildings or other direct appliances of education are not taxed or included in the parcels represented by the objection; that since the passage of the charter the corporation has accepted the same, and has expended in the erection and purchase of buildings, apparatus and other facilities and appliances for education, being for the promotion of the objects stated in the charter, over $200,000 upon the lots in question and also upon other lots owned by the corporation, and has built up an institution in which a large number of students are instructed, according to its charter.

The act incorporating appellee was approved February 15, 1855, and is entitled "An act to incorporate the Chicago Theological Seminary." The first section creates certain persons named therein, and their successors, a body politic and corporate, to be styled "The Board of Directors of the Chicago Theological Seminary," with power to acquire, hold and convey property, real and personal. The second section prescribes that the seminary shall be located in or near the city of Chicago; that its object shall be to furnish instruction and the means of education to young men preparing for the gospel ministry, and that the institution shall be equally open to all denominations of christians for this purpose. The fifth section is as follows: "That the property, of whatever kind or description, belonging or appertaining to said seminary, shall be forever free and exempt from all taxation, for all purposes whatsoever."

The only question presented for our determination is whether or not the property of appellee, described in the application for judgment, is exempt from taxation by section 5 of its charter. Its contention is, that by the language, "that the property, of whatever kind or de-

scription, belonging or appertaining to said seminary," all the property owned by it and used for the sole purpose of maintaining its school, of whatever kind or description, wherever situated, is exempt from all taxation. On the other hand, it is insisted on behalf of the People that section 5 is only applicable to and exempts from taxation the property belonging or appertaining to the seminary, which, by the second section of the charter, was to be located in or near the city of Chicago and which has been so located and maintained.

The following propositions laid down by counsel for appellant are supported by the authorities cited, and are, we think, properly applicable to the decision of the issue here presented:

*First*—All laws exempting property from taxation are to be strictly construed. *Montgomery* v. *Wyman,* 130 Ill. 17.

*Second*—The charter is a contract, but it is well settled that nothing can pass by implication. *United States* v. *Arredondo,* 8 Pet. 738; *Charles River Bridge* v. *Warren Bridge,* 11 id. 544.

*Third*—It should not be presumed that the legislature intended to exempt property from taxation. That intention must appear affirmatively. *Providence Bank* v. *Billings,* 4 Pet. 514.

*Fourth*—And when such intention appears it cannot be extended beyond the letter and spirit of the act of incorporation. *Beatty* v. *Lessee of Knowles,* 4 Pet. 168.

*Fifth*—And such intention will be construed strictly. *In re Swigert,* 123 Ill. 267; *Presbyterian Theological Seminary* v. *People,* 101 id. 578.

*Sixth*—There can be no ambiguity as to what is exempt. All ambiguities in the terms of the contract must operate against the grantees and in favor of the public, and the objector can claim nothing that is not clearly given by the act. *Charles River Bridge case, supra.*

*Seventh*—If, on a fair reading of the instrument, reasonable doubts arise as to the proper interpretation to

be given to it, those doubts are to be solved in favor of the State; and where it is susceptible of two meanings, the one restricting and the other extending the favor of the corporation, that construction is to be adopted which works the least harm to the State.   *Chenango Bridge Co.* v. *Binghampton Bridge Co.* 3 Wall. 51.

That laws exempting property from taxation are generally subject to these rules of construction is not seriously questioned, but counsel for appellee say said rules do not apply here, because by section 6 of the charter it is provided that the act "shall be construed liberally in all courts for the purposes therein expressed." We do not think this language was intended to or could be held to change or qualify the general rules of construction applicable to the section under consideration. Here the very question to be determined is, what is the purpose expressed in that section? And to say that liberal rules of construction must, under section 6, be applied in favor of the contention that all property belonging or appertaining to the corporation is exempt would be to beg the whole question. In determining what purpose is expressed in the section, resort must necessarily be had to the general rules for considering such laws. When that purpose is ascertained, liberal rules of construction, if necessary, are to be resorted to, to give effect to such purpose. Of course, the foregoing propositions relied upon by the appellant will not justify an unreasonable construction against the claim of exemption. If, however, taking the express words of the act, and without extending their meaning by implication, they may be held to include all property belonging or appertaining to the "seminary" mentioned in the second section, or to include all the property belonging or appertaining to the corporation, and there is reasonable ground for doubt which was intended by the legislature, that doubt must be resolved in favor of the State. In other words, if the language is capable of a broad or more restricted mean-

ing, the latter must be adopted.    The second section of
the charter mentioning certain property to be located in
or near the city of Chicago, and which is denominated
"the seminary," we think the words in the fifth section,
"said seminary," refer to that particular property, and to
so hold seems to do no more than to give the language
of the two sections their literal and ordinarily under-
stood meaning.    To say, as is contended by appellee,
that "said seminary" was intended to mean the corpora-
tion, is to extend the meaning of those words by impli-
cation, which is not permissible.

It is said that the only entity mentioned in the charter
capable of owning property is the corporation, and there-
fore it could not have been intended that property be-
longing or appertaining to the seminary was meant by
section 5.    We think this position is based upon a too lim-
ited meaning of the words "belonging or appertaining,"
as here used.    Of course, if the language of section 5 had
been that the property, of whatever kind or description,
*owned* by the said seminary shall be forever free from all
taxation, etc., or if, as counsel seem to assume, the words
"belonging or appertaining" here necessarily meant own-
ership of the property, then there would be force in this
argument of counsel.    It is undoubtedly true that the
word "belonging" may mean ownership, and very often
does.    But that is not its only meaning.    Webster's In-
ternational Dictionary defines it:    "2. That which is con-
nected with a principal or greater thing; an appendage;
an appurtenance."    He also defines the word "pertain" as ·
meaning, "to belong or pertain, whether by right of na-
ture, appointment or custom;  to relate, as 'things per-
taining to life.'"    Manifestly, the purpose of section 5
was to exempt property owned by the corporation, but
it does not follow that the intention was to include in
that exemption all property owned by it used for pur-
poses of the school.

It is said the question for determination in this case has been decided in favor of the contention of appellee in the case of *People ex rel.* v. *Soldiers' Home and Baptist Theological Union*, 95 Ill. 561, following the decision of the Supreme Court of the United States in *Northwestern University* v. *People*, 9 Otto, 309, reversing the decision of this court in 80 Ill. 333. We do not so understand the case cited. The language of the charter of the Soldiers' Home and the Baptist Theological Union, under discussion in that case, is as follows: "The property, real and personal, belonging to such corporation, at any and all times hereafter, shall be free and exempt from all taxation and assessments, special or general, for any and all purposes;" and the language of the charter of the Northwestern University is, "that all property, of whatever kind or description, belonging to or owned by such corporation shall be forever free from taxation for any and all purposes,"—so that there was and could have been no question, upon these charters, as to whether the exemption clause referred only to some particular property or class of property belonging to the corporation, because those charters in unmistakable terms exempt all property belonging to the corporation. We think this case turns upon whether or not the words "said seminary," used in the fifth clause, should be given the meaning of "said corporation." In our opinion the application of the rules of construction above referred to do not warrant such a construction.

The judgment of the county court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*