## Daniel S. Wentworth, Defendant in Error, v. George E. Sankstone, Plaintiff in Error.

### Gen. No. 27,852.

1. FORCIBLE ENTRY—*statutory nature of proceeding.* Forcible entry and detainer is a special statutory proceeding, summary in its nature and in derogation of the common law.

2. APPEAL AND ERROR—*writ of error not of right in statutory proceedings.* A writ of error is not a writ of right in a special statutory proceeding but only such in cases which are prosecuted according to the common law.

3. FORCIBLE ENTRY—*appeal and not error proper mode of review.* A proceeding in forcible entry and detainer being a special statutory one, in derogation of the common law, a writ of error is not a writ of right therein and the appeal authorized by the statute to review the judgment in such a proceeding is exclusive.

4. APPEAL AND ERROR—*motion to dismiss writ when not waived.* Plaintiff in a forcible entry and detainer proceeding did not waive his right to insist upon a dismissal of defendant's writ of error by filing his brief where, before he had done so, he entered his motion to dismiss and which motion the court reserved to the hearing.

Error by defendant to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1923. Writ dismissed.

Wentworth v. Sankstone, 233 Ill. App. 48.

Opinion filed April 30, 1924.   Rehearing denied May 10, 1924.   *Certiorari* denied by Supreme Court (making opinion final).

George E. Sankstone, *pro se,* for plaintiff in error; George F. Ort, of counsel.

David B. Maloney, for defendant in error.

Mr. Justice O'Connor delivered the opinion of the court.

Plaintiff brought an action of forcible detainer against the defendant, claiming that the latter unlawfully withheld the possession of a certain private office in a building in Chicago.  At the close of the evidence, there was a directed verdict finding that the defendant unlawfully withheld the possession of the office from the plaintiff and that the right of possession was in the plaintiff.  Judgment was entered upon the verdict.  The defendant prayed for and was allowed an appeal, upon filing a bond within five days.

The judgment from which the appeal was taken was entered May 2, 1922.  On May 6th following, the defendant presented his bond which was rejected.  On May 8th, another bond was submitted, approved and order filed.  On May 11th on motion of the plaintiff, the order approving the appeal bond was vacated and the bond stricken from the files.  On the same day, the defendant sued out a writ of error from this court and afterwards filed his record, abstracts and briefs.

Plaintiff made a motion in this court to dismiss the writ of error and the motion was reserved to the hearing.

The question for our determination is whether the writ of error will lie which seeks to reverse a judgment entered in a forcible detainer case.  The precise question never seems to have been determined by this court or the Supreme Court of the state.

It has been repeatedly held that an action of forcible entry and detainer is a special statutory pro-

ceeding summary in its nature and in derogation of the common law. *Wells v. Hogan,* 1 Ill. (Breese) 337; *French v. Willer,* 126 Ill. 611; *Fitzgerald v. Quinn,* 165 Ill. 354.

In the *Wells* case, which was an action of forcible detainer, the court said: ''The proceedings * * * being summary, and contrary to the course of the common law, must strictly conform to the requisitions of the statute.''

In the *French* case, which was also an action of forcible entry and detainer, the court held that a confession of judgment, entered under the terms of a lease awarding possession of the premises to plaintiff, was unauthorized by law and void. It was there said (p. 618): ''This action is a special statutory proceeding, summary in its nature, and in derogation of the common law, and it is a rule of universal application in such actions, that the statute conferring jurisdiction must be strictly pursued in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding be *coram non judice* and void. * * *

''While forcible entry and detainer is a civil proceeding for restitution it is based upon, and has by modern legislation been evolved from the English forcible entry and detainer, which was a criminal proceeding merely. Ejectment, from its slow progress, was an inadequate remedy to a landlord, and the legislature provided the summary remedy by which a speedy recovery of possession may be secured, but to prevent hasty action and to secure tenants and their families from the danger and inconvenience of being forcibly ejected without notice and reasonable time for preparation, certain safeguards were provided by the statute.'' It was further said (p. 621): ''Such court of record does not proceed in forcible detainer by virtue of its power as a court of general jurisdiction, but derives its authority wholly from the statute,

and in such proceeding is therefore to be treated as a court of special and limited jurisdiction.''

The law has long been firmly established in this state that a writ of error is not a writ of right in a special statutory proceeding, but that it is only a writ of right in cases which are prosecuted according to the course of the common law. *Kingsbury v. Sperry*, 119 Ill. 279; *Sweeney v. Chicago Telephone Co.*, 212 Ill. 475; *Devous v. Gallatin County*, 244 Ill. 40.

In the *Kingsbury* case, a motion to dismiss the writ of error which sought to bring before the Supreme Court, for review, certain orders of the county court of Cook county was dismissed. In that case, a guardian had mortgaged his ward's land and an order had been entered by the county court authorizing the guardian to execute the mortgage. This was under the special statute which provided that orders entered by such court might be reviewed by appeal and it was held that a writ of error would not lie. The court said: ''No provision of any statute is known to us expressly conferring the right to sue out a writ of error upon an order allowing the guardian to mortgage his ward's real estate. It is not claimed that the county court, in making the orders questioned, was in the exercise of a jurisdiction according to the course of the common law. On the contrary it is clear that the jurisdiction exercised was unknown to the common law, and was purely statutory. In such cases, where, as here, an appeal is given to the circuit court, a writ of error does not lie from this court.''

In the *Sweeney* case, a writ of error was dismissed by the supreme court which sought to bring before that court for review judgment of the county court of Lake county entered in a condemnation proceeding. The court said: ''There being no statute which permits a party to a condemnation proceed-

ing to have the record reviewed by a writ of error, if it can be prosecuted at all it must be because the right to a writ exists apart from any statute authorizing it. A writ of error is a writ of right in all cases which are prosecuted according to the course of the common law; but it is not a writ of right in any special statutory proceeding." And it was there held that the proceeding was regulated by the Eminent Domain Act and the judgment could only be reviewed by an appeal.

In the *Devous* case, a writ of error was sued out from the supreme court which sought to review the judgment of the circuit court of Gallatin county, the proceeding in the circuit court being a contest in reference to the location of the county seat of that county. And it was there held that a proceeding to contest such a location was purely statutory, in which a writ of error was not a writ of right, and that the only mode of bringing the matter before the supreme court for review was by an appeal provided by the statute.

In the instant case, the proceeding being a special statutory one and in derogation of the common law, a writ of error is not a writ of right. The statute authorizes an appeal to review the judgment of the trial court in such a proceeding, and this remedy is exclusive. Section 18 of the chapter on Forcible Detainer [Cahill's Ill. St. ch. 57, ¶ 19] provides that "If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner and tried in the same way as appeals are taken and tried in other cases. *Provided*, the appeal is prayed and bond is filed within five (5) days from the rendition of the judgment, and no writ of restitution, shall be issued in any case until the expiration of said five (5) days." Cases holding that in special statutory proceedings, the method of review there pointed out, must be followed, and that such method is exclusive are: *The People v. McGoorty,*

270 Ill. 610; *Allerton v. Hopkins,* 160 Ill. 448; *Myers v. Newcomb Special Drainage Dist.,* 245 Ill. 140.

· There is no merit in the defendant's contention that plaintiff joined issue by filing his brief and therefore, waived his right to insist upon a dismissal, because after defendant had filed his brief and before plaintiff had filed any brief, he entered his motion to dismiss the writ of error which we reserved to the hearing. He afterwards filed his printed suggestions in support of the motion and followed this by his brief and argument in case the motion should be continued.

From what we have said, it follows that the writ of error must be dismissed.

*Writ dismissed.*

TAYLOR, P. J. and THOMSON, J. concur.