Joseph E. Brown, Appellee, v. Edwin Brown and Edwin H. Brown as Administrator of the Estate of Emily L. Brown, Deceased, Appellant.

Gen. No. 9,092.

Opinion filed September 3, 1936. Rehearing denied October 6, 1936.

472

Adsit, Thompson & Herr, of Pontiac, for appellant.

E. A. Simmons, of Pontiac, for appellee.

Mr. Justice Wolfe delivered the opinion of the court.

The appellee, Joseph E. Brown, brought suit in the circuit court of Livingston county, Illinois, against his brother, Edwin H. Brown, individually and as administrator of the estate of Emily Brown, deceased. The suit was for the possession of oats and corn which had been grown on land held by the mother, Emily L. Brown during her lifetime. The declaration was in the usual form of replevin and trover, asking the return of the corn and oats, or in lieu thereof, the value of the same. To the declaration, the defendant filed several pleas. The first denied the taking and the possession of the property and its wrongful detention. Other pleas set up, property in the defendant as administrator of Emily L. Brown, deceased; others a former adjudication in case number 15,899, as an estoppel by judgment; others an estoppel by verdict, and setting forth the judgment in the former case. A hearing was had before the court, without a jury, who found the issues in favor of the plaintiff and that he was entitled to the grain in question. Judgment was entered in accordance with the findings and damages assessed against the defendant at one cent and costs of suit. It is from this judgment that this appeal is prosecuted.

It is first insisted that the finding of the court is contrary to the evidence in the case, and, therefore, this judgment cannot stand. It appears from the evidence that Joseph E. Brown and his wife went to live with his mother, Emily Brown; that Emily L. Brown needed someone to look after her and care for her in her declining years; that she entered into a contract with her son, Joseph E. Brown, in which she assigned all the

rents, income and profits from her various properties to her son, Joseph, in consideration that he care for her during her life, pay all her necessary living expenses and all her funeral and burial expenses; that later, Emily L. Brown made an assignment to her son, Joseph of all her chattel property. The validity of this contract and assignment is not questioned. All the grain in controversy is conceded to be rent grain, grown on Emily Brown's premises, prior to her death. It is our conclusion that the evidence conclusively shows, that at the time of the hearing in this case, the appellee, Joseph E. Brown, was the owner of, and entitled to the possession of, the grain in question.

The appellant seriously insists that because of a former suit, the appellee is estopped both by judgment and by verdict from asserting his right to this grain. In the case of the *Board of Directors of Chicago Theological Seminary v. People,* 189 Ill. 439, our Supreme Court had under consideration a similar question as is now presented to us. On pages 443 and 444 of their opinion, they use this language: "In order that the judgment in the first suit shall operate as an estoppel in the second suit, it must appear on the face of the record, or must be shown by extrinsic evidence, that the precise question was raised and determined in the first suit. 'In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.' The burden of proof is always upon the defendant, who pleads *res judicata* because of a former judgment, to set up that judgment, and show what was determined by it, and what is common to the subsequent action.

The proof must be clear, certain and convincing. If there be an uncertainty as to what was the precise question raised and determined in the former suit, as, for example, if it appears that several distinct matters may have been litigated, upon one or more of which the judgment may have been passed, without indicating which of them was litigated, the whole subject matter of the action will be at large, and open to any new contention. But this uncertainty may be removed by extrinsic evidence showing the precise points involved, and determined in the former action.''

In the case of *Crowder Seed Co. v. Industrial Commission,* 347 Ill. 86, at page 89, our Supreme Court was again considering estoppel by judgment and verdict, and have this to say: ''An estoppel by verdict occurs where some controlling fact or question material to the determination of both causes is decided in a former suit and is again in issue in a subsequent suit between the same parties, in which case the first adjudication of the question will, if properly presented, be conclusive of the same question in the later suit irrespective of whether the cause of action is the same in both suits. To operate as an estoppel by verdict it is necessary that there shall have been a finding of a specific fact in the former judgment or record that was material and controlling in that case or was necessarily involved in the verdict or judgment and also material and controlling in the pending case, and where there is no such specific finding and more than one distinct issue of fact was involved in the former case, so that it is uncertain upon which issue the decision rested, the estoppel will not be applied. (*Hoffman v. Hoffman,* 330 Ill. 413.) Two questions were involved on the hearing before the arbitrator: First, whether or not Aldridge had received an accidental injury in the course of his employment; and second, whether or not disability from such injury, if incurred, existed at the time of the hearing.

A negative finding upon either of these questions necessitated a finding by the arbitrator that Aldridge was not entitled to compensation. The arbitrator's finding, therefore, did not operate as an estoppel by verdict or as *res judicata* upon the hearing before the commission.''

Numerous other cases of our Supreme Court have announced the same ruling in different language. In the former suit, Joseph E. Brown was the plaintiff, and Edwin H. Brown, as an individual, was the only defendant. The declaration consisted of three counts, each of which alleged that Joseph Brown was the owner of the corn and the oats in question; that Joseph E. Brown had made demand upon Edwin H. Brown for this grain; that the defendant had, with force and violence, prevented the plaintiff from removing the same, and that the suit was for damage for the refusal of Edwin H. Brown to allow Joseph E. Brown to remove the grain in question. To this declaration, the defendant filed his answer, in which he denied that the plaintiff was the owner of or entitled to the possession of the grain; he denies that he unlawfully and with force and violence withheld the same. He alleges that the grain is not his individually, but the property of the estate of Emily L. Brown, deceased, and that he, the defendant, is the administrator thereof; that he is entitled to a part of said grain; that he does not know what portion of the grain was raised in 1933. He denies that the plaintiff is entitled to the possession of the whole of said grain.

Later, the defendant, Edwin H. Brown, filed an amended, or additional, answer in said cause, in which he denies that the 1933 crop was all harvested and cribbed and that Emily Brown sold all the rent corn to Joseph E. Brown. He alleges that all of said corn was owned by Emily L. Brown at the time of her death. He denies that the defendant refused to allow Joseph E.

Brown to remove said grain before July 31, 1934; denied that the plaintiff or any one else had a right to remove said grain without paying a reasonable charge for the storage from the date of the death of Emily L. Brown; denied that plaintiff ever demanded of him the right to remove said grain. He admits the service by the defendant of a demand, as Exhibit C., but alleges that said demand was for the whole of said grain; that he as remainderman was entitled to a part of the 1933 crop; that he has no knowledge of the amount of said crop and that the plaintiff did not offer to set off the defendant's share thereof. He alleges that all of the grain except defendant's share therein belonged to the estate of Emily L. Brown of which he, the defendant, is administrator; that he was in possession of said grain only in his capacity as administrator; that the plaintiff knew this. He denies that he wilfully and wantonly refused to let the plaintiff take possession of the grain or that he resorted to violence to prevent the removal of the same. He alleges that his whole connection with said grain was as administrator of his mother's estate and not in his individual capacity.

The evidence in regard to the ownership of the grain offered by the appellee, Joseph E. Brown, is practically the same in both suits. From the abstract of the appellant, it is difficult to learn just what took place at the former trial. The same judge tried both cases and from the evidence presented, this court can come to no other conclusion than that the trial court found the issues in favor of the defendant in the first suit, on some other ground, rather than that Joseph E. Brown had failed to establish his ownership of the grain in question. There were numerous pleas filed by the defendant, as a defense to the suit.

There is no specific finding by the court in the first case of what induced him to find the issues in favor of the defendant. There were several issues of fact involved in the case and it is uncertain upon what issue

the court based his opinion. As was stated in the case of *Board of Directors of Chicago Theological Seminary v. People, supra,* the burden of proof is always upon the defendant, who pleads *res judicata* because of a former judgment to set up that judgment, and show what was determined by it, and what is common to the subsequent action. The proof must be clear, certain, and convincing. The defendant, in this case, has failed to establish what was the deciding factor in the first case.

The trial court properly found that the appellee was the owner of, and entitled to, the possession of the grain in question, and that the former suit was not a bar to the recovery in this case.

The judgment of the circuit court of Livingston county is hereby affirmed.

*Affirmed.*