Kid M. Robinson, Appellee, v. Milton Robinson and Juanita Robinson, Wife. Juanita Robinson, Appellant.

Gen. No. 43,891.

Opinion filed November 18, 1946. Released for publication December 4, 1946.

BROWN, BROWN, CYRUS & GREENE, of Chicago, for appellant; MARCUS A. MAHONE and WILLIAM H. BROWN, both of Chicago, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

March 11, 1946, Kid M. Robinson, brought an action of forcible detainer against Milton Robinson and Juanita Robinson to recover possession of apartment No. 201, which was located on the second floor of the premises known as No. 2829 Calumet avenue, Chicago.

The verified complaint alleged that defendants unlawfully withheld possession of the apartment. Summons issued commanding the bailiff of the Municipal court to summon Milton Robinson and Juanita Robinson, and the bailiff's return recites that he served defendant, Milton Robinson, at his usual place of abode, by delivering a copy thereof with a praecipe and statement of claim to plaintiff, Kid Robinson, a person of his (Milton's) family, and father of defendant, Milton Robinson. There is no return by the bailiff as to what was done towards serving the other defendant, Juanita Robinson. March 29, 1946, judgment was entered which recites that the cause came on for hearing before the court without a jury; evidence was heard and there was a finding that defendant, Milton Robinson, was guilty of unlawfully withholding possession of the premises from plaintiff. Judgment was entered on the finding and the writ of restitution stayed for 10 days.

April 15, 1946, defendant Juanita Robinson, filed a petition to vacate the judgment setting up that a writ of restitution was issued out of the Municipal court on April 10, and served on her about 6 o'clock of the evening of that day by the bailiff, and that the next morning the bailiff evicted her from the premises. That plaintiff and defendant, Milton, are father and son, and Juanita, the wife of the son. That no summons was ever served on her. That a demand for immediate possession was served on her March 8, 1946, but she was never served with summons.

The petition further avers that defendant, Milton, her husband, was taken into the United States Army where he remained for about three and one-half years prior to his discharge December 10, 1945, when he returned to her and the apartment, and that during the time he was in the Army she was in exclusive possession of the apartment. That plaintiff well knew and recognized this fact and accepted the rent from her

and receipted to her for it; that on December 25, 1945, Milton left her and the apartment and moved into the apartment which his father occupied on the first floor of the same building and has since continued to live there; that she paid the rent to plaintiff for the month of December, 1945, which was all the rent due up to January 1, 1946, after which date she tendered the rent to plaintiff but he refused to accept it.

April 22, 1946, plaintiff filed his verified answer to the petition in which he admits that defendant, Milton, his son, was in the Army as alleged but denied that Juanita, the petitioner, was in the exclusive possession of the apartment but that she held possession as the wife and agent of Milton, to whom he had rented the apartment in December, 1941, as a month to month tenant. That Milton paid the rent until he was inducted into the Army May 3, 1943, and thereafter the rent was paid by Milton to his wife, the petitioner, and that she paid the rent to plaintiff, as Milton's agent. That he gave receipts for the rent to Juanita because Milton was in the Army. That Milton was discharged from the Army and returned to the apartment December 10, and there lived with his wife until December 25, 1945, at which time he told plaintiff, his father, that "he would no longer be responsible for the rent and that he was giving up the apartment" because of trouble between himself and his wife. That she was unfaithful to him.

April 24, 1946, there was a hearing before the court on the matters involved in the petition and answer. The petitioner, Juanita Robinson, and the plaintiff, Kid M. Robinson, each testified and there was some other evidence introduced. June 12, 1946, an order was entered overruling defendant, Juanita Robinson's motion to vacate the judgment from which she prosecutes this appeal.

The petitioner testified that she occupied the apartment with her husband from 1941 until about May,

1943, when he was taken into the United States Army; that he returned December 10, 1945, and they lived in the apartment until December 25, 1945, when he left her and went to live with his father and mother in their apartment downstairs in the same building; that she continued to live in the apartment until she was evicted April 11, 1946. She also offered in evidence receipts running to her from plaintiff for the rent, $22 a month. Further evidence tends to support the allegations of her petition.

Plaintiff, Kid M. Robinson, testified on the hearing that he did not rent the apartment to Juanita, and further testified as to several of the facts alleged in his answer to the petition.

No brief has been filed on behalf of Kid M. Robinson.

Forcible detainer is a special statutory proceeding, summary in its nature, and in derogation of the common law, and the statute must be strictly followed. *Wells v. Hogan,* Breese (1 Ill.) 337; *Wentworth v. Sankstone,* 233 Ill. App. 48; *City of Chicago v. The Chicago Steamship Lines, Inc.,* 328 Ill. 309.

In *Rehm v. Halverson,* 197 Ill. 378, it was held that if the original lessee sub-lets a portion of the premises but subsequently surrenders his lease and possession and all claims to the premises, the lessor may bring forcible detainer against the sub-tenant without making the lessee a party, and that since the landlord brought forcible detainer against the original lessee without making the sub-lessee a party, the judgment entered in favor of the plaintiff against the lessee was a nullity as to the sub-tenant. The court there said (p. 383): "The refusal of the instruction was not error, inasmuch as it ignores the fact, shown by the evidence, that appellee, the original lessor of Spano, had accepted from the latter a surrender of the lease before the forcible detainer suit was begun. It is not necessary to consider to what extent, if at all, Zaccone [the sub-lessee] was deprived by such surrender of any rights,

as between himself and Spano [the lessee]. It is suffi-
cient that appellee [lessor] found Zaccone in adverse
possession of the premises. Appellee had the right
to bring the forcible detainer proceedings against him
alone. . . . Spano no longer held the premises
against appellee, inasmuch as he had surrendered his
lease, and, therefore, it was not necessary to make him
a party defendant to the forcible detainer proceedings.
A judgment of restitution against Spano would have
been unavailing, inasmuch as Zaccone was the only
person, who held the premises against the appellee;
and in order to enable the appellee to re-possess him-
self of the premises, it was only necessary to have a
judgment of restitution against Zaccone."

This same rule of law was announced and followed
by this court in *Mills v. Reiger,* 328 Ill. App. 230.

In the instant case plaintiff made Juanita one
of the defendants to the complaint which was sworn to,
which charged that the two defendants, herself and her
husband, Milton, wrongfully withheld possession of
the premises from plaintiff. Summons was issued
against both of them but no attempt was made to serve
her, but Milton was served by the bailiff, by leaving a
copy of the summons with his father with whom he
was then living. And the suit of the father against the
son was heard without notice to defendant, Juanita—
a mere travesty and subterfuge "The whole proceed-
ing was a wrong without even the color of law."
(*Leindecker v. Waldron,* 52 Ill. 283); *Hemmer v.
Wolfer,* 124 Ill. 435; *Heppe v. Szczepanski,* 209 Ill.
88;—of no effect not only because Juanita was made
a party defendant, as stated, but also on the ground
that defendant, Milton, had vacated the premises and
was then living with his father and that Milton told
his father "he would no longer be responsible for the
rent and that he was giving up the apartment." This
allegation is sworn to by the father in his answer to
the petition, from which we have above quoted. The

judgment as to Juanita was a nullity and afforded no warrant in ejecting her from the premises.

Since the judgment prejudicially affected Juanita's right of possession, it is reversed, and for the failure of the trial court to do so, the order appealed from is reversed and the matter remanded with directions to allow her to appear and defend the action.

*Reversed and remanded with directions.*

FEINBERG, J., specially concurring.

NIEMEYER, J., dissents.

FEINBERG, J., specially concurring: I concur in what is said in the foregoing opinion. The record in this case clearly indicates a plan or scheme by plaintiff and defendant Milton, his son, to evict the defendant Juanita, the only one in actual possession, her husband, Milton, having abandoned it, by not serving her with a summons, thus giving her no chance to defend or be heard, and procure a collusive judgment for possession against the husband, Milton, upon which a writ of restitution was to issue to oust her. The right to possession of a place of abode is a valuable property right, which cannot by any scheme or device, be taken from one without due process of law. Had the court's attention, upon the trial, been called to the fact that it was alleged in the sworn complaint she was unlawfully withholding possession from the plaintiff, and was not served with summons, it would have been the duty of the court, under settled rules of law, to halt the proceedings and insist that she be served and brought in, so that the court could have jurisdiction of her. This may be done upon the court's own motion, or the question may be raised for the first time upon appeal. *Oglesby v. Springfield Marine Bank,* 385 Ill. 414; *Schumacher v. Klitzing,* 353 Ill. 530.

Had she learned of the proceeding before judgment and presented her petition setting up her rights, as disclosed in her present petition, the court would have been in duty bound, under the authorities, to allow her

to enter her appearance and defend. She was the only one against whom, under the statute, such an action could lie, since she was the only one in actual possession alleged to be holding it unlawfully against the plaintiff. Not having learned of the pendency of the suit, and having learned of the judgment rendered only when the bailiff demanded possession and evicted her, she diligently pursued her right to be heard at the earliest moment and petitioned the court to vacate the judgment, which, if allowed, would have voided all proceedings following the judgment. She petitioned the court within the statutory 30 days. Under the facts disclosed upon the hearing of her petition and answer, it clearly appeared to the court that the judgment for possession, which is a judgment in rem, was against the wrong person and, under the statute, could only run against defendant Juanita.

An attempt to oust the wife of possession, by suing the husband only and obtaining judgment against him, was similarly involved in *Cofoid v. Bishop,* 11 Ill. App. 117, wherein the court declared (p. 120) that the result of such a judgment would be to remove from a house, by the writ of possession, the wife, who claimed the possession in her own right and was thereby deprived of the possession of her property without a hearing or trial. This it was said could not be done, citing *Wheelan v. Fish,* 2 Ill. App. (Bradwell) 447.

It is true that the petition filed by defendant Juanita prays that the judgment be vacated and prays for no other relief, and although the judgment is against defendant Milton, and not against her, yet the facts set up in the petition clearly establish that the relief she was entitled to was not only to vacate the judgment but to quash all the proceedings that followed, including the writ of restitution. With respect to pleadings and forms affecting the right to relief, it has been frequently said that the Practice Act is to be liberally construed according to the substantive rights of the

parties, and that by the Act itself, Chapter 110, § 4 [Ill. Rev. Stat. 1945, ch. 110, par. 128; Jones Ill. Stats. Ann. 104.004], it is provided: "This act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, . . . ." *People ex rel. Wilmette State Bank v. Village of Wilmette,* 294 Ill. App. 362; *Weigend v. Hulsh,* 315 Ill. App. 116.

NIEMEYER, J., dissents.

Intervenor was ousted from possession of the premises involved under process directed against Milton Robinson, her husband, from whom she was then, and for several months prior to the institution of plaintiff's action had been, living separate and apart. She was named as a defendant to plaintiff's action but no summons was served upon her and no order was entered purporting to affect her rights to the premises under her claim of tenancy independent of her husband. The court found the husband guilty of unlawfully withholding possession of the premises and ordered that plaintiff "have and recover of and from the defendant Milton Robinson possession of the premises described." This judgment could in no wise affect the the possession of intervenor. *Rehm v. Halverson,* 197 Ill. 378, 383, cited in the opinion of the court.

Having been ousted from the premises under the writ of restitution directed against her husband, she filed a motion praying that the court enter an order. vacating and setting aside the judgment for possession entered against her husband. No notice of this motion was served upon her husband, the judgment defendant. No notice of appeal from the order denying intervenor's motion to vacate the judgment was served on the judgment defendant. The defendant in the judgment sought to be vacated was not a party to the proceedings in the trial court to vacate the judgment against him and is not a party to this appeal.

The grounds urged before us for the vacation of the judgment are that Milton Robinson, the judgment defendant, having abandoned the premises on December 25, 1945, several months before the institution of the forcible detainer action, 'was not in possession of the premises at the time the action was commenced and the judgment entered, and that service on him was by delivering a copy of the summons to the plaintiff, in whose home the judgment defendant was then living. These are defenses available only to the judgment defendant, who does not complain. *Yarnell v. Brown,* 170 Ill. 362, 367.

The writ of restitution issued on the judgment against intervenor's husband gave the plaintiff no right to interfere with the independent possession, if any, of intervenor. Her ouster was not by virtue of authority under that writ but through the abuse of the writ. Her remedy, if any, is an action against plaintiff and the bailiff of the court and not in the vacation of the judgment to which she is a stranger. Furthermore, the reversal of the judgment is futile because such reversal cannot restore her to possession or affect her rights to possession of the premises. Moreover, intervenor's claim to be restored to possession rests upon her alleged tenancy, independent of that of her husband. This tenancy was in issue on her motion to vacate the judgment against her husband. The ruling on the motion being adverse to her, the presumption is that the court held against her on all issuable facts. 3 Am. Jur., Appeal and Error, sec. 954. The evidence on the question consisted of the testimony of intervenor and plaintiff. The latter's testimony sustains the finding. The trial court had the advantage of hearing and observing the witnesses. The finding is not against the manifest weight of the evidence and should not be disturbed or ignored by this court.

The order appealed from should be affirmed.