71 Ill. App.2d 79 (1966)
218 N.E.2d 38
Charles Johnston and Kathleen T. Johnston, His Wife, Plaintiffs-Appellants,
v.
East St. Louis Illinois Homes, Inc., a Corporation, Defendant-Appellee.
Gen. No. 65-27.
Illinois Appellate Court  Fifth District.
May 26, 1966.
*80 Jones, Ottesen & Fleming, of Belleville (Ralph J. Derango, Jr. and Patrick J. Fleming, of counsel), for appellants.
John J. Hoban, of East St. Louis, for appellee.
MORAN, J.
This is an appeal from the Circuit Court of St. Clair County, Illinois, from the dismissal of the appellants' complaint in an action to construe certain Bond for Deed contracts and payments thereunder as equitable mortgages.
The principal issue on appeal concerns the extent to which a judgment of a court of limited jurisdiction must be pleaded in order that it may act as a bar to a subsequent action under the principles of res judicata.
The appellants, Charles and Kathleen Johnston, entered into three separate Bond for Deed contracts with the appellee, East St. Louis Homes, Inc., for the installment purchase of three parcels of real estate, the purchase prices of which were $17,950, $23,517.50 and $5,950. Subsequently, the appellants fell behind in their payments and on June 1, 1964, after a period of default on each contract, the appellee filed a forcible entry and detainer action against them. The down payments and principal payments on each piece of property amounted to $2,020.53, $5,608.84 and $1,510.94, respectively. A judgment for possession was entered against the appellants on June 22, 1964. However, the appellants remained in possession of two of the pieces of property and made *81 additional payments totaling $725 which the appellee accepted.
Eighty-one days later, the appellee received a writ of restitution. Eight days later, on September 16, 1964, the appellants initiated the present action to have the Bond for Deed contracts construed as equitable mortgages, and an injunction was granted restraining the appellee from taking any additional action to repossess the two pieces of property under the control of the appellants. Thereafter, the appellee moved to strike the complaint, stating the date of entry, cause number, and general nature of the forcible entry and detainer action and alleging that service was obtained, that Charles Johnston was present at the trial of the action before a magistrate, that he admitted that the appellants were in default, that a judgment for possession was entered in favor of the appellee, that, after waiting for eighty-one days within which the appellants neither filed a motion for a new trial nor filed a notice of appeal, the appellee obtained a writ of restitution, and that the judgment in the forcible entry and detainer action is a final judgment and constitutes a bar to the present action.
On December 4, 1964, the court granted the appellee's motion to strike the complaint and dissolved the injunction. The appellants' motion to vacate the order dismissing their complaint was denied by the trial court because "they failed to pursue their remedies and allowed a judgment for possession to be entered against them and because they requested the lower court to re-open a case which had been reduced to final judgment without any attempt to appeal or to perfect an appeal on their part." An appeal was then taken to this court.
Appellee relies upon S.H.A., chapter 57, section 13 (which became effective on August 14, 1961). In substance, section 13 provides that, in a forcible entry and detainer action involving contracts for the sale of land, *82 a stay of at least sixty days shall be granted. Where more than twenty-five percent of the contract price has been paid, a stay of one hundred and eighty days shall be granted unless the court grants a shorter period due to special circumstances. It also provides that, if any action at law or in equity is brought, it must be brought within the period of the stay. Otherwise, all rights in and to the property in the purchase shall cease.[1]
The appellee has relied upon the statute as a defense to the present action, but has not made reference to the whole statute, especially the section dealing with a stay when twenty-five percent of the contract price has been paid. Therefore, the real issue on this appeal is whether appellee has properly pleaded the aforesaid judgment in the forcible entry and detainer action as a bar to the present action. S.H.A., chapter 57, section 13, for example, provides that a stay of sixty days be granted in cases involving a breach of a contract for the purchase of land. In addition, if more than twenty-five percent of the contract price has been paid, a stay of one hundred and eighty days shall be granted unless reduced (not below sixty days) by the court for good cause. In this case, the first two pieces of land were *83 less than twenty-five percent paid. ($17,950/$2020.53; $23,517.50/$5,608.84; $5,950/$1510.94.) However, in the appellee's motion to strike the appellants' complaint, there was no mention that any stay was issued at any time. There was merely the statement that the appellee waited eighty-one days before obtaining a writ of restitution. Indeed, if no reduction in the one hundred and eighty day stay had been granted with regard to the third piece of property, the appellee's obtaining a writ of restitution would have been premature.
[1] As has been the law in Illinois for some time, there are no presumptions in favor of the jurisdiction of courts of limited jurisdiction. In Illinois Cent. R. Co. v. Hasenwinkle, 232 Ill. 224, 83 NE 815 (1908), a proceeding of ejectment wherein the plaintiff pleaded a former judgment as a proof of his title, the court held:
The law presumes nothing in favor of the jurisdiction of a court exercising special statutory powers ... and the record must affirmatively show the facts necessary to give jurisdiction. The record must show that the statute was complied with and the land condemned in the mode thereby prescribed.... (232 Ill at 227.)
Similarly, in City of Chicago v. Hitt, 334 Ill. 619, 166 NE 517 (1929), the court held:
Nothing is taken by intendment in favor of the jurisdiction of a court of limited jurisdiction, or of a court of general jurisdiction while exercising special or limited power. In the latter case, the record must show the facts which authorize the court to act. (334 Ill at 628.)
This principle has been affirmed in a recent adoption case, Oeth v. Erwin, 6 Ill. App.2d 18, 126 NE2d 526 (4th Dist 1955), and in a recent criminal case, People v. Nunes, 58 Ill. App.2d 55, 207 NE2d 143 (1965).
*84 [2] There is no doubt that a forcible entry and detainer action is a proceeding of special and limited jurisdiction. In City of Chicago v. Chicago S.S. Lines, Inc., 328 Ill. 309, 159 NE 301 (1927), the court held:
It has been repeatedly decided by this court that an action of forcible entry and detainer is a special statutory proceeding summary in its nature and in derogation of the common law, and that our courts do not proceed thereon by virtue of their power as courts of general jurisdiction but derive their authority wholly from the statute, and in such a proceeding they are to be considered and treated as a court of special and limited jurisdiction ...
The action being a special statutory proceeding in derogation of the common law, the statute must be strictly followed as to the remedy pursued. (159 NE at 303, 304.)
This principle and decision was affirmed in Robinson v. Robinson, 329 Ill. App. 515, 69 NE2d 904 (1946).
In Svalina v. Saravana, 341 Ill. 236, 173 NE 281 (1930), the court held:
The burden of establishing estoppel is upon him who invokes it. In order that a judgment or decree shall operate as an estoppel it must either appear on the face of the record or be shown by extrinsic evidence that the precise question was raised and determined in the former suit.
Similarly, in Board of Directors of Chicago Theological Seminary v. People ex rel. Raymond, 189 Ill. 439, 59 NE 977 (1901), the court stated the general rule that:
The burden of proof is always upon the defendant, who pleads res judicata because of a former judgment, to set up that judgment, and show what was determined by it, and what is common to the subsequent *85 action. The proof must be clear, certain, and convincing. (59 NE at 979.)
This principle finds support in White v. White, 28 Ill. App.2d 19, 169 NE2d 839; Brown v. Brown, 286 Ill. App. 471, 3 NE2d 945 (1936) and in Ramsay v. Ramsay, 10 Ill. App.2d 459, 125 NE2d 172 (1956).
[3] The appellee in this case has the burden of proving that the judgment in the forcible entry and detainer action was duly given and made; that the statute which gave the prior court jurisdiction was fully complied with, and that the judgment decided the question raised before the court in the subsequent action, thereby acting as a bar. Appellee has not sustained his burden.
For the foregoing reasons the judgment of the Circuit Court of St. Clair County is reversed and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
EBERSPACHER and WRIGHT, JJ., concur.
NOTES
[1] The new amendments have been interpreted to be a statutory quiet title action. Writing in 53 Ill BJ 196, 197, Robert Kratovil, General Counsel of the Chicago Title Insurance Company, has said that:

It allows the court to give the buyer a grace period before the writ of restitution issues and reinstates the contract if full payment is made during the grace period.... The philosophy appears to be that the swift and summary eviction procedure available in forcible entry and detainer actions may be necessary to assist landlords against defaulting tenants but should be tempered where a contract purchaser is involved. The law goes on to say that if defaults are not cured during the grace period the contract shall cease and determine. To this extent the law seems to be a statutory quiet title action.