FIRST NATIONAL BANK AND TRUST COMPANY OF BARRINGTON, Trustee, *et al.,* Plaintiffs-Appellants, *v.* JOHN T. NITKA *et al.,* Defendants-Appellees.

Second District   No. 77-385

Opinion filed June 15, 1978.—Rehearing denied July 17, 1978.

Slovacek & Slovacek, of Crystal Lake, for appellants.

Edward L. Parks, of Mohr & Parks, of McHenry, for appellees.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The plaintiffs-appellants, First National Bank and Trust Company of Barrington as trustee under Trust No. 809, and Norman I. and Gladys Wollenberg, hereafter the plaintiffs, brought an action for forcible entry and detainer against the defendants-appellees, John T. and Valerie J. Nitka, hereafter the defendants. The circuit court of McHenry County found the plaintiffs were entitled to the entry of a decree of possession and the issuance of a writ of restitution. However, the circuit court ordered a 75-day stay in the execution of the writ of restitution. The plaintiffs have appealed from that portion of the circuit court's order granting the stay in the execution of the writ of restitution. After reviewing the record and weighing the arguments presented, we are of the opinion that the judgment of the circuit court of McHenry County should be affirmed.

The relevant facts are as follows: In 1974, the defendants purchased a home from the plaintiffs on a land sale contract. The contract price was $24,000. By February 1, 1977, the defendants had paid $4,400, or slightly more than 18 percent of the contract price. However, defendants failed to make the installment payment due February 1, 1977, and hence were in default. This was the second time that the defendants had been in default on the contract, and the plaintiffs decided to declare a forfeiture as provided for in the contract. Proceedings under "An Act in regard to forcible entry and detainer" (Ill. Rev. Stat. 1975, ch. 57, par. 1 *et seq.*), hereafter the Act, were instituted by the plaintiffs. The matter was heard before Judge Leonard Brody of the circuit court of McHenry County on June 17, 1977. After hearing all the evidence, Judge Brody ruled the plaintiffs were entitled to the entry of a decree of possession and issued a writ of restitution. However, citing section 13 of the Act (Ill. Rev. Stat. 1975, ch. 57, par. 13), Judge Brody ordered a 75-day stay in the execution of the writ of restitution. In citing the section, the trial judge stated he believed the granting of the stay was required by the statute, and if it was not so required by the statute, he was exercising his discretion to grant the stay.

While the defendants do not contest the trial court's decision to enter a decree of possession and the issuance of the writ of execution, the plaintiffs do appeal from that portion of the trial court's order granting the stay in the execution of the writ of restitution.

Section 13 of the Act provides in part:

"If it appears on the trial that the plaintiff is entitled to the possession of the whole of the premises claimed, he shall have judgment and execution for the possession thereof and for his

costs. However, if the action is based upon a breach of a contract entered into or on after July 1, 1962 for the purchase of such premises, the court, by order, *may* stay the issuance of the writ of restitution for a period not to exceed 60 days from the date of the judgment, or if the court finds that the amount unpaid on said contract is less than 75% of the original purchase price, then the court *shall* stay the issuance of the writ for a period of 180 days from the date of the judgment." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 57, par. 13.

In the case at hand we have a situation where the contract purchaser still has an excess of 75 percent of the original purchase price to pay. The plaintiffs contend that under such circumstances section 13 of the Act does not mandate the issuance of a stay.

■■ We agree with the plaintiffs that section 13 of the Act (Ill. Rev. Stat. 1975, ch. 57, par. 13) does not *mandate* the issuance of a stay in situations where the contract purchaser has yet to pay more than 75 percent of the original contract purchase price. We believe that the juxtaposition of the words "may" and "shall" in this section makes it clear that the legislature intended the word "may" to mean that the matter was within the sound discretion of the trial court, while the word "shall" requires the trial court to issue a stay where the contract purchaser has yet to pay less than 75 percent of the original contract purchase price. Therefore, we hold that in situations such as is in the case at hand, where the contract purchaser still has more than 75 percent of the original contract price to pay, section 13 of the Act (Ill. Rev. Stat. 1975, ch. 57, par. 13) does not mandate the issuance of a stay, but instead leaves the matter up to the trial court's sound discretion.

The plaintiffs' second contention is that the trial court abused its discretion in issuing the stay in the case at hand. We do not agree.

■■ It is well established that courts of this State do not look with favor on forfeitures of contracts. (*Kirkpatrick v. Petreikis* (1976), 44 Ill. App. 3d 575, 358 N.E.2d 679.) In the case at hand, had the trial court not issued the stay, there would have been an immediate forfeiture by the defendants of $4,400, or slightly more than 18 percent of the original contract price. In light of the amount of money involved and the fact that 18 percent is relatively near to that point where the statute mandates the trial court to issue a stay on the execution of the writ of restitution, we find that the trial court did not abuse its discretion in granting the stay of 75 days in the execution of the restitution. Accordingly, the judgment of the circuit court of McHenry County is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and WOODWARD, J., concur.