DAVID D. MARKEN *et al.*, Plaintiffs-Appellees, *v.* EULYSEE BUCHANAN *et al.*, Defendants-Appellants.

Fourth District   No. 15512

Opinion filed March 26, 1980.—Rehearing denied April 21, 1980.

WEBBER, J., dissenting.

Stephen J. Moore, of Land of Lincoln Legal Assistance Foundation, Inc., of Danville, for appellants.

Gilbert Saikley, of Saikley, Garrison & Associates, of Danville, for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The parties entered into a contract for deed on July 31, 1975, with plaintiffs as sellers and defendants as buyers. The contract price was $16,500, payable as $3,500 down and the balance payable in monthly installments at 8.5% interest. In addition, buyers agreed to pay sellers $35 per month for application in the payment of real estate taxes.

The buyers fell into default in late 1977 and early 1978. Plaintiffs' attorney sent defendants a letter on April 11, 1978, giving defendants 60 days within which to cure their default and make their payments current. Defendants failed to do so and, on August 30, 1978, plaintiffs sent another letter giving notice of termination. The last payment received by plaintiffs from defendants was on June 14, 1978, but that payment did not bring the payments to be made up to currency and defendants' account remained in arrears.

A complaint for forcible entry and detainer was filed on October 25, 1978. Summons was served, but defendants failed to appear and default judgment was entered on December 20, 1978. Plaintiffs' petition for a writ of assistance was allowed at that time, but its issuance was stayed for 60 days. On March 23, 1979, defendants moved to vacate the default judgment and that motion was allowed on April 10, 1979. An answer and affirmative defense were then filed.

Following a hearing on April 17, 1979, the trial court again granted possession to plaintiffs. The trial court found that accrued interest under the contract precluded application of the rule mandating a 180-day stay of the writ of restitution pending redemption by the contract purchaser.

It is this finding of law which is challenged on appeal. Defendants filed a motion for stay pending appeal which was allowed by the trial court, conditioned on a bond of $1,921.66, which was not met by defendants. This court allowed defendants to proceed as poor persons. The writ of restitution issued on May 23, 1979, but nothing in the record shows it has as yet been executed.

The exhibits introduced at trial include the payment schedule used under the contract. That schedule shows that $768.09 of the principal had been paid as of June 14, 1979, in addition to the $3,500 down payment.

The statute in question, section 13 of the forcible entry and detainer act (Ill. Rev. Stat. 1977, ch. 57, par. 13) provides, in pertinent part:

"[I]f the court finds that the amount unpaid on said contract is less than 75% of the original purchase price, then the court shall stay the issuance of the writ for a period of 180 days from the date of the judgment."

The argument on appeal is whether accrued interest should be included in the determination of the amount unpaid. Plaintiffs argue that in order to make the computation required by the statute, the court need only compute the payoff figure provided by the payment schedule in the contract to determine the unpaid balance. Defendants argue that the term "contract" in the statute relates to the later term "original purchase price" and that taking their down payment together with the principal paid on the contract, 25.87% of the $16,500 purchase price has been paid.

This question is one of first impression. However, we find the statute to be clear and unambiguous on its face. The statute was clearly designed to give purchasers under a contract for deed a right of redemption similar to that given mortgagees. The statute itself provides that a 180-day redemption period is mandatory when more than 25% *"of the original purchase price"* (emphasis added) has been paid. By its very definition, interest accrued sometime into the contract cannot be a part of the "original purchase price." Plaintiffs' argument would require the court to add accrued interest to the amount of the original purchase price in making the computation necessary to determine whether defendants are entitled to a 180-day stay. The statute clearly does not provide for such addition.

While we find the statute to be clear on its face so as to provide a redemption period to the defendants here, we are not unmindful that it was the intent of the legislature by this statute to provide a period of redemption for purchasers of real property under a contract for deed. (*First National Bank & Trust Co. v. Nitka* (1978), 60 Ill. App. 3d 977, 377 N.E.2d 577; *Johnston v. East St. Louis Illinois Homes, Inc.* (1966), 71 Ill. App. 2d 79, 218 N.E.2d 38.) To deny the defendants here an opportunity to redeem from forfeiture the property they are purchasing under a contract would constitute an obvious frustration of that legislative intent. The judgment is reversed and the cause remanded with directions to enter an order for stay consistent with the provisions of the statute and this opinion.

Reversed and remanded with directions.

MILLS, P. J., concurs.

Mr. JUSTICE WEBBER, dissenting:

While admitting that this a very close case, I respectfully dissent from the conclusion reached by my brethren and suggest that in order to reach that conclusion they have first declared a statute to be unambiguous, and then proceeded to read language into it. This is accomplished by taking "amount unpaid" and reading "amount of principal unpaid." Furthermore, the majority opinion focuses on one sentence in a rather lengthy section. It is a familiar principle of statutory construction that all parts of a statute should be read in such a fashion as to yield an harmonious whole. *People ex rel. Castle v. Taylor* (1955), 7 Ill. 2d 501, 131 N.E.2d 108.

A later part of the same section 13 (Ill. Rev. Stat. 1977, ch. 57, par. 13), reads:

> "If during such period of stay defendant pays the entire amount then due and payable under the terms of the contract other than such portion of the principal balance due under the contract as would not be due had no default occurred plus costs and, if the contract provides therefor, reasonable attorney's fees as fixed by the court, and cures all other defaults then existing, the contract shall remain in force the same as if no default had occurred."

It could not be seriously argued that under this section a defendant may reinstate the contract by paying only what is due as principal. Indeed, there is a specific provision exempting any possibility of being required to pay the entire principal balance on account of the default.

If, as was its undoubted right, the legislature intended a different standard to apply in determining whether a stay should be granted from determining the amount needed to reinstate a contract, the language should be specific in that regard. Otherwise, and lacking such differentiation, all parts of the statute must be read as a cohesive whole. The principle is well stated in 2A Sutherland, Statutory Construction (4th ed. 1973) §46.06:

> "'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error."

I do not agree that the statute is unambiguous; "amount paid" is susceptible of a variety of interpretations, but one should look first within the four corners of the statute itself for an interpretation before going to the extrinsic matter of its overall purpose.

I agree that the overall purpose of the statute is to afford some relief

to contract buyers, not a period of redemption as suggested by the majority, but a "grace period" as indicated by the author of the footnote in *Johnston*. However, such a grace period is available only to those who qualify for it.

I would affirm the trial court.